UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.9:24-cv-81163-LEIBOWITZ/MCCABE

**ROGER VANCE**,
    *Plaintiff,*

v.

**DOUÉ AND CO LLC**,
    *Defendant.*
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Roger Vance's ("Plaintiff") Motion for Default Final Judgment against Defendant Doué and Co LLC ("Defendant") (the "Motion") [ECF No. 10], filed on December 6, 2024. The Court has considered the Motion and supporting documents, and the pertinent portions of the record and is otherwise fully advised in the premises. For the following reasons, the Motion [ECF No. 10] is **DENIED WITHOUT PREJUDICE.**

### I.    PROCEDURAL POSTURE

On September 20, 2024, Plaintiff filed a Complaint against Defendant for breach of oral contract, conversion, and unjust enrichment. [ECF No. 1]. Defendant was properly served on October 16, 2024. [ECF No. 3]. Plaintiff then filed an Amended Complaint (the "Amended Complaint") on October 30, 2024, adding a count for civil theft. [ECF No. 5]. Plaintiff properly served the Amended Complaint to Defendant on or about October 30, 2024. [ECF No. 10 at 2]. Defendant's response was due on or before November 20, 2024. Defendant failed to timely appear or respond. After Defendant failed to appear, Plaintiff moved for entry of default against Defendant [ECF No. 6], which the Clerk of Court entered on November 15, 2024. [ECF No. 7]. Plaintiff subsequently filed this Motion on December 6, 2024. [ECF No. 10]. As of today's date, Defendant has failed to appear or otherwise respond.

## II. BACKGROUND

As alleged in the Amended Complaint, in June 2024, Defendant sent Plaintiff an invoice for the purchase of a Rolex Daytona Platinum Diamond Dial (the "Watch") for $94,000.00 due upon receipt. [ECF No. 5 ¶ 9]; [*see also* ECF No. 5-2]. Plaintiff wired the funds to Defendant on July 1, 2024, for $94,000.00 and paid an additional $25.00 in wire transfer fees to complete the transaction. [ECF No. 5 ¶ 10]; [*see also* ECF No. 5-3]. Defendant acknowledged receipt of the wire transfer; however, Plaintiff never received the Watch from Defendant. [ECF No. 5 ¶¶ 10, 12]. After advising Plaintiff that Defendant no longer possessed the Watch, Defendant did not return Plaintiff's funds, causing Plaintiff to suffer significant monetary loss. [ECF No. 5 ¶¶ 12, 14]; [*see also* ECF No. 5-6].

## III. APPLICABLE LEGAL STANDARDS

Under the Federal Rules of Civil Procedure Rule 55(b)(2), the Court is authorized to enter a default final judgment "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." *Foris Dax, Inc. v. McJunkins*, No. 1:23-cv-22514-KMW, 2024 WL 3330546, *1 (S.D. Fla. June 6, 2024) (citing *Prince Advance Funding, LLC v. Lizzano Auto. Grp., LLC*, No. 23-60026-CIV, 2023 WL 6609326, at *1 (S.D. Fla. Sept. 28, 2023), *report and recommendation adopted*, No. 23-CV-60026, 2023 WL 6585248 (S.D. Fla. Oct. 10, 2023) (quoting *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986)). The well-pled allegations in the complaint are taken as true by virtue of default, but the court must ensure that the allegations state a substantive cause of action and that there is a substantive and sufficient basis in the pleadings for the requested relief. *See XYZ Corp. v. Individuals*, 668 F. Supp. 3d 1268, 1273 (S.D. Fla. April 5, 2023) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)).

Once liability has been established, the court must assess the damages sought by examining the affidavits submitted. *See, e.g., Svetlick v. Lucius*, No. 08-061525-CIV, 2009 WL 1203925, at *1 (S.D. Fla. May 1, 2009) (awarding default judgment as to "the precise amount of damages, including actual

damages as well as liquidated damages" pursuant to the agreement between the parties). After entry of a default judgment, damages may be awarded "without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation, so long as all essential evidence is a matter of record." *Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005) (cleaned up)). A district court "may conduct hearings . . . when, to enter or effectuate [a default] judgment, it needs to: . . . determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion"). "After ascertaining the appropriate amount of damages, the Court must enter final judgment in that amount." *Cincinnati Ins. Co. v. GC Works, Inc.*, No. 12-cv-21159, 2022 WL 787952, at *4 (S.D. Fla. Feb. 25, 2022), *report and recommendation adopted*, 2022 WL 783285 (S.D. Fla. Mar. 15, 2022).

## IV.   DISCUSSION

With the foregoing in mind, the Court turns to the allegations in the Amended Complaint and the Motion. As noted above, Plaintiff moves for entry of a default judgment on its claims for breach of oral contract, conversion, civil theft, and unjust enrichment. The Court first addresses whether Plaintiff has established that the Court has subject-matter jurisdiction over this action.

### A.   *Subject-Matter Jurisdiction*

As courts of limited jurisdiction, we are "empowered to hear only those cases within the judicial power of the United States defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). To that end, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at

3

any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnotes and citations omitted). Consequently, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

The plaintiff has the burden of establishing federal subject-matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). A district court must have jurisdiction under at least one of the three types of subject matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *PTA-FL, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). A court must dismiss the plaintiff's complaint if it determines that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).

In the Amended Complaint, Plaintiff alleges that this Court has diversity jurisdiction over this case. [ECF No. 5 ¶ 3]. A federal court has diversity jurisdiction over civil actions where there is a complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travagolio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

### 1. Defendant Doué and Co LLC

The Amended Complaint alleges that Defendant "is a Wyoming for-profit limited liability company with a principal place of business . . . [in] Cheyenne, Wyoming." [ECF No. 5 ¶ 2].

The Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, to properly allege the citizenship of a limited liability company, "a party must list the citizenships of all the members of the limited liability company[.]" *Id.* Moreover, "[t]he general allegation, based upon information and belief, that no member of an LLC is

4

the citizen of a particular state is insufficient to carry the plaintiff's burden of alleging complete diversity between the parties." *Diverse Staffing Servs., Inc. v. Consultative Sales Pros.*, No. CV421-028, 2022 WL 1271726, at *2 (S.D. Ga. Apr. 28, 2022) (citing *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (citation and quotation marks omitted))).

In the Amended Complaint, Defendant makes no representation or showing regarding the citizenship of each of Doué and Co LLC's members. Therefore, the Amended Complaint fails to sufficiently allege the citizenship of Defendant for purposes of establishing diversity jurisdiction in this case.

**2.  Plaintiff Roger Vance**

In the Amended Complaint, Plaintiff alleges that Plaintiff "is an individual who is a resident of the State of Florida" and "resides in the State of Florida." [ECF No. 5 ¶¶ 2, 3].

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Pleading residency is not the same as pleading domicile. *PNC Bank Nat'l Ass'n v. Schwiekhardt*, No. 13-cv-282, 2013 WL 4747052, at *1 (M.D. Fla. Sept. 4, 2013). "Residency is necessary, but insufficient, to establish [a natural person's] citizenship in a state." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing *Travaglio*, 735 F.3d at 1269). Rather, "a natural person is a citizen of the state in which he is domiciled." *Id.* (citation omitted). A person's domicile "consists of two elements: residency in a state and intent to remain in that state." *Id.* (citation omitted).

The Court finds that the Amended Complaint, which alleges that Plaintiff is a resident of Florida and resides in Florida does not sufficiently plead Plaintiff's domicile for purposes of establishing Plaintiff's citizenship.

5

In sum, the Amended Complaint fails to sufficiently allege the citizenship of Defendant and Plaintiff for purposes of establishing that the parties are completely diverse and, in turn, that this Court has subject-matter jurisdiction over this case. Because the Court concludes that there is not yet a proper showing that it has subject-matter jurisdiction, the Court's consideration of the case should end here. *See Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003) (noting "[i]f the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action . . . *sua sponte*, if necessary[.]" (citations omitted)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). However, the Court will allow Plaintiff to submit evidence or file a Second Amended Complaint demonstrating that this court has subject-matter jurisdiction based on diversity citizenship.

### B. *Deficiencies in the Motion*

On top of the Court's lack of subject-matter jurisdiction over this action, which, as discussed above, is sufficient reason alone to deny the Motion, the Motion is deficient in other respects.

The Court finds that there is a discrepancy in the amount of attorneys' fees and costs Plaintiff requests in the Motion. In the body of the Motion, Plaintiff requests $1,700.00 in attorneys' fees and costs, but in the conclusion of the Motion, Plaintiff requests $1,620.00 in attorneys' fees and costs. [ECF No. 10 at 14, 16]. Thus, in its new motion for default final judgment, Plaintiff should clarify its request for attorneys' fees and costs.

Furthermore, Plaintiff is requesting $660.00 in taxable costs as stated in the Declaration of Lorri Lomnitzer. [*Id.* at 14]. This includes printing costs of $2.50, a filing fee of $405.00, and service of process fees of $336.00. [ECF No. 10-2 ¶ 19]. Plaintiff should cite case law entitling it to printing costs and should also provide invoices to support its request for service of process fees. The Court notes that in the Eleventh Circuit, "service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process."

6

*Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla. 2012) (citing *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)).  The United States Marshals Service charges "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).  Thus, Plaintiff must submit invoices and make the required showing if necessary for why service of process should exceed the Marshals' hourly rate.

V.  **CONCLUSION**

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Motion [**ECF No. 10**] is **DENIED WITHOUT PREJUDICE**.  Plaintiff shall submit evidence or file a Second Amended Complaint demonstrating that this Court has subject-matter jurisdiction based on diversity of citizenship and is directed to file a renewed Motion for Default Final Judgment that complies with this Order **no later than February 7, 2025.**  Additionally, Plaintiff is instructed to address the discrepancies in the requested attorneys' fees and costs, clarifying the total amount sought and providing appropriate documentation.  For the taxable costs, including printing costs and service of process fees, Plaintiff must submit invoices and case law to justify the requested amounts, in light of the Eleventh Circuit's guidance on allowable process server fees.

**DONE AND ORDERED** in the Southern District of Florida this 17th day of January, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

   DOUÉ AND CO LLC
   C/O Registered Agents Inc.
   30 North Gould Street
   Suite R
   Sheridan, WY 82801